## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAVID K. PETERSEN,**

      **Plaintiff,**

**v**                                          **Case NO. 1:11-cv-00536**

**CAPITAL ONE SERVICES, LLC.**           **CLASS ACTION**

      **Defendant.**

                                                     /

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com

                                                     /

## AMENDED COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, DAVE K. PETERSON on behalf of himself and others similarly situated, by and through counsel, The Law Offices of Brian Parker, PC, brings this AMENDED action under FRCP 15a(1)(A) against the above listed Defendants, CAPITAL ONE SERVICES, LLC (Capital) on the grounds set forth herein:

## I.   PRELIMINARY STATEMENT

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* and the Michigan Occupational Code ("MOC"), M.C.L.§ 339.901 *et seq*.

## II. PARTIES

1.

The plaintiff, David K. Petersen is a natural person and consumer, a resident of Ludington, Mason County, State of Michigan, and a "consumer" as defined by the FDCPA. Mr. Petersen is a consumer, debtor and person as the terms are defined under the MOC.

2.

The defendant Capital One Services, LLC is a debt collector under 15 U.S.C. § 1692a(6)(B) as they are collecting Capital One Bank Debts that are in default and Defendant Capital One is a collection agency under MCLA 339.901 (b) with a resident agent located in the State of Michigan. **Please see Exhibit 1**.

## III. JURISDICTION AND VENUE

3.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

5.

2

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

6.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

7.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6)(B).

8.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## THE MICHIGAN OCCUPATIONAL CODE (MOC), MCLA 339.901-918

9.

The Michigan Occupational Code (MOC), MCLA 339.901 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

10.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim

3

for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement. A collection agency shall include a person representing himself or herself as a collection or repossession agency, or a person performing the activities of a collection agency, on behalf of another, which are regulated by this act. A collection agency shall also include a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency also includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. MCLA 339.901 (b).

11.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 339.901 (f).

12.

A "creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal shall not include a person who receives an assignment or transfer of a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of

4

this article. MCL 339.901(e).

13.

Prohibited acts by debt collectors or collection agencies under MCL 339.915 include:

(a) Communicating with a debtor in a misleading or deceptive manner.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing.

14.

Debt collectors or collection agencies under MCL 339.918 must include in communications to consumers that :

(1) Within 5 days after the initial communication with a consumer in connection with a collection of a debt, a collection agency shall send the consumer, unless the following information is contained in the initial communication or the consumer has paid the debt, a written notice containing all of the following information:

(a) The amount of the debt owed.

(b) The date the communication was sent to the debtor.

(c) The name of the creditor to whom the debt is owed.

(d) A statement specifying that unless the consumer, within 30 days after receipt of this notice, disputes the validity of the debt, or a portion of the debt, the debt will be assumed to be valid.

5

(e) A statement specifying that, if the consumer notifies the collection agency in writing within 30 days after receipt of this notice, that the debt, or any portion of the debt, is disputed, the collection agency shall obtain verification of the debt or a copy of a judgment against the consumer and that a copy of the verification or judgment shall be mailed to the consumer by the collection agency.

## V. FACTUAL ALLEGATIONS

### 15.

On or about June 24, 2010, Defendant sought money from Plaintiff for a delinquent debt owned by creditor Capital One Bank(USA), N.A. through a letter that asked Mr. Petersen to contact an 800 number "to make payment arrangements and start to resolve your debt." **Please see Exhibit 2**.

### 16.

In the top body of the letter are the words "Creditor: Capital One Bank (USA), N.A." just below the account number of the debt with Capital One Bank (USA) above the actual message to the consumer in the letter. **Please see Exhibit 2**.

### 17.

The abovementioned letter states at the end that **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION. Please see attached Exhibit No. 2**.

### 18.

At **Exhibit 2** On the rear of the letter are State and Local Disclosures stating:

6

1. **Who We Are and Who We Service.** Capital One Services, LLC is a subsidiary of Capital One, National Association, and services the following Capital One affiliated companies:

   • Capital One Bank (USA), National Association;

   • Capital One, National Association; and

   • Capital One Auto Finance, Inc.

   The name of your creditor has been previously disclosed to you and is identified for purposes of this letter by the creditor name and/or your Account number on the front. Unless another servicer is disclosed in this letter or has been separately disclosed to you as the current servicer of your Account, we are the current servicer of your Account.

2. **State and Local Disclosures.** The following disclosure is required by state or local law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s), and you receive this letter in Connecticut, the District of Columbia, Iowa, New York City, North Carolina or Vermont:

   This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.

   The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Iowa:

   This communication is from a debt collector.

   The following disclosure is required by state law if your Account involves a debt owed primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Massachusetts:

   NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

   The terms used in this Section are defined by applicable state or local law. This is not a complete list of the rights that you might have.

3. **Bankruptcy.** If you are entitled to bankruptcy protections for your Account this letter is only for informational purposes. It is not an attempt to collect, assess or recover a debt or claim. Do not send in any payments without speaking with your bankruptcy attorney or the Bankruptcy Court. If you want to discuss your Account or your bankruptcy proceeding, please have your attorney contact us or the servicer disclosed in this letter.

4. **Electronic Check Conversion.** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your deposit account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your deposit account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Your authorization is not limited by the date on the check.

5. **Interest and Charges Continue to Accrue.** All stated amounts are owed on the date of this letter. Because interest, late charges, and other charges might change from day to day as provided in your agreement, the amount due on the day you pay may be larger. For example, if you pay the amount stated in this letter, your Account might still have a balance after your payment is received.

6. **Time Period for Payment or Other Action.** Unless a specific date is provided, any time period for your payment or other action begins on the date of this letter.

7. **IRS Reporting of Debt Forgiveness.** If we cancel or forgive $600 or more of principal on a debt you owe, we must provide a 1099-C tax form to you and the IRS. Please consult your tax advisor and the instructions accompanying your tax forms for more information.

8. **Credit Reporting of Your Settled Account.** If your Account is settled before it is charged off, the remainder of your Account balance will be charged off. We will then report your Account to credit reporting agencies as settled with an outstanding balance

19.

That the letter at **Exhibit 2** from Defendant Capital One Services LLC violates Michigan law by failing to provide the required notice and validation provisions and amount of the debt alongside the other requirements listed on the reverse of the letter in the section titled "State and Local Disclosures."

20.

That the letter at **Exhibit 2** is from Capital One Services, LLC and their principal business is their debt collection efforts in pursing debts for their affiliated companies such as Capital One Bank (USA) N.A. who is referred to in Defendant's own letters to Plaintiff specifically and the class consumers generally as a "creditor."

21.

That the letter at **Exhibit 2** distinguishes Capital One Bank (USA), N.A. as the "creditor" and Defendant Capital One Services, LLC as a separate entity collecting the debt and seeking payment arrangement on behalf of the creditor. Under the FDCPA, the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22.

That the letter at **Exhibit 2** is also misleading and deceptive in that the letter purposefully does not conform to the Michigan state requirements at MCL 339.918 as mentioned above to the Plaintiff specifically and the class generally regarding their rights under the MOC to receive notice of the amount of the debt, validation rights and the right to dispute that is required under

8

the Statute but not part of the communication from Defendant Capital. **Please see attached Exhibit No. 2**. **Please also see attached Exhibit No. 3 which is the Michigan Statute requiring proper notice and compliance when collecting on Michigan consumers**.

23.

The FDCPA requires that debt collectors send consumers a written notice that includes, among other things, the amount of the debt, the name of the creditor to whom the debt is owed, and a statement that, if within thirty days of receiving the notice the consumer disputes the debt in writing, the collector will obtain verification of the debt and mail it to the consumer. 15 U.S.C. 1692g.

24.

That the letter at **Exhibit 2** violates 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 2** as mentioned above.

25.

That the letter at **Exhibit 2** violates 15 U.S.C. 1692g by failing to provide the notice to dispute and validation requirements under 15 U.S.C. 1692g in connection with the collection or attempted collection of a debt using **Exhibit 2**as mentioned above.

26.

That the letter at **Exhibit 2** violates 15 U.S.C. 1692e(11) by failing to provide the notice provision notifying Michigan residents and consumers that Defendant is a "debt collector and that any information obtained will be used for that purpose" in connection with the collection or attempted collection of a debt using **Exhibit 2** as mentioned above.

27.

That the letter at **Exhibit 2** violates M.C.L. 339.915 by communicating with a debtor in a misleading or deceptive manner using **Exhibit 2** as mentioned above.

28.

That the letter at **Exhibit 2** violates M.C.L. 339.918 by failing to list the required notice provisions, validation and dispute notifications and the amount of the debt using **Exhibit 2** as mentioned above.

## VI. CLASS ACTION ALLEGATIONS

29.

Plaintiff realleges the above pleadings.

30.

Mr. Petersen brings this lawsuit as a class action. Plaintiff tentatively defines the classes as all persons who were sent letters similar to **Exhibit 2**. Plaintiff may subsequently refine the class definition in light of discovery.

31.

There are two classes.

32.

The FDCPA Class consists of (i) all persons with a Michigan address that have received the collection letter that is in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11), (ii) in which a demand for payment of an outstanding balance for a creditor,

10

Capital One Bank (USA), N.A. is made through a letter from Defendants similar to **Exhibit 2**,(iii) in which the demand letter has references to State and Local Disclosures but lacks the Federal Disclosures that this is an attempt to collect a debt by a debt collector and any information obtained would be used for that purpose and (iv) which letter was sent during the one year period immediately preceding the filing of this complaint and the date of class certification; and

### 33.

The MOC/MCPA Class consists of (I) all persons with a Michigan address that have received the letter that violates MCL 339.915 (a) and MCL 339.915 (e) and MCL 339.918/ MCLA 445.252(a), MCLA 445.252(e) MCLA 445.252(f)(ii) and MCLA 445.252(q), (ii) in which a demand for payment of an outstanding balance is made through a letter from Defendant similar to **Exhibit 2**,(iii) ) in which the demand letter has references to and State and Local Disclosures but none of the Disclosures required be sent to Michigan consumers and (iv) which letter was sent during the four year period immediately preceding the filing of this complaint and the date of class certification

### 34.

On information and belief, and based in part on Defendant's collection data base as specializing in "national debt collection" for affiliated Capital One Banks and Corporations, each class is so numerous that for each class, joinder of all members is impracticable.

### 35.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common

11

issue is whether Defendants' conduct in connection with the mailing of **Exhibit 2** and similar letters to consumers violates the FDCPA and/or MOC.

36.

There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

37.

Plaintiff will fairly and adequately protect the interests of the class. Mr. Petersen is committed to vigorously litigating this matter. He is greatly embarrassed, humiliated and annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, MOC, consumer advocacy and class claims. Neither Mr. Petersen or his counsel have any interests which might cause them to not vigorously pursue this claim.

38.

Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories of Defendant's failure to provide the proper Notice and Validation requirements of the FDCPA and MOC.

39.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive **Exhibit 2** undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the

12

maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

40.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)     The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

42.

Mr. Petersen requests certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

### VII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

43.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

13

a.   Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 2** as mentioned above; and

b.   Defendants violated 15 U.S.C. 1692g by failing to supply Michigan consumers with the proper Validation and Notice provisions allowing consumers the right to dispute the and verify the debt by using **Exhibit 2** as mentioned above; and

c.   Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with the use of **Exhibit 2** as mentioned above.

d.   Defendants violated 15 U.S.C. 1692e(11) by failing to supply Michigan consumers with the proper notice to consumers that the Defendant was " a debt collector attempting to collect a debt and that any information obtained will be used for that purpose in the letter **Exhibit 2** as mentioned above;

**Wherefore**, plaintiff seeks judgment against Defendants for:

a.   Statutory damages for Mr. Petersen in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.   Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.   Such further relief as the court deems just and proper.

**Count 2-Michigan Occupational Code**

14

44.

Defendants have violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a.    Defendants violated M.C.L. 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt using **Exhibit 2** as mentioned above;

b.    Defendants violated M.C.L. 339.915(a) communicating with a debtor in a misleading or deceptive manner using **Exhibit 2** as mentioned above.

c.    Defendants violated M.C.L. 339.918 by failing to place Michigan consumers of their rights to receive the amount of debt being collected and the right to dispute and validate the debt using **Exhibit 2** as mentioned above.

**Wherefore**, plaintiff seeks judgment against Defendants for:

a.    Statutory damages for Mr. Petersen in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916;

b.    Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916, and without regards to defendant's net worth;

c.    Equitable, declaratory and injunctive relief pursuant to M.C.L. 339.916, including but not limited to, a declaration that defendant's debt collection practices violated the MOC, as well as an injunction, enjoining Defendants from using **Exhibit 2** letters which violate Michigan law;

d.    Humiliation, annoyance, embarrassment, emotional and stress damages, and

e.    Reasonable attorney's fees and court cost pursuant to M.C.L. 339.916.

15

**Count 3-Michigan Collection Practices Act (MCL 445.251 et seq.) (MCPA)**

45.

Defendant is a collection agency under MCL 445.251(b). The subject letter at **Exhibit 2** is a claim or debt under MCL 445.251(a). Plaintiff and the class are debtors under MCL 445.251(d).

46.

Defendants have violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a.      Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt using **Exhibit 2** as mentioned above;

b.      Defendants violated MCLA 445.252(a) communicating with a debtor in a misleading or deceptive manner using **Exhibit 2** as mentioned above.

c.      Defendant has violated MCLA 445.252(f)(ii) by misrepresenting in a collection communication the legal rights of the debtor.

d.      Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to implement a violation by an employee in that notice of the Michigan's class members rights under the MCPA.

**Wherefore,** plaintiff seeks judgment against Defendants for:

a.      Statutory damages for Mr. Petersen in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257;

b.      Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to

16

$150.00 for a willful violation, pursuant to M.C.L. 445.257, and without regards to defendant's net worth;

c.     Humiliation, annoyance, embarrassment, emotional and stress damages, and

d.     Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).


## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 26th day of   May, 2011.

                                        Respectfully submitted,

                                           s/Brian P. Parker
                                        BRIAN P. PARKER (P48617)
                                        Attorney for Plaintiff
                                        30600 Telegraph Road, Suite 1350
                                        Bingham Farms, MI 48025
                                        (248) 642-6268
                                        brianparker@collectionstopper.com

17